**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JERRY HART**                                                                                          **PLAINTIFF**

V.                               **CASE NO. 3:10CV00015 BD**

**SHARON BEASLEY, et al.**                                                                    **DEFENDANTS**

**ORDER**

**I.   Background:**

Plaintiff, an inmate formerly detained at the Crittenden County Detention Facility, filed this lawsuit pro se and is proceeding *in forma pauperis*. (Docket entries #1 and #3) Because Plaintiff's original complaint was deficient, he was ordered to file an amended complaint specifically setting out his constitutional claims. (#3) Plaintiff then filed an amended complaint. (#7)

In his amended complaint, Plaintiff alleges that on July 23, 2009, he witnessed an incident between Defendant Sharon Beasley and another inmate at the Crittenden County Detention Facility. Plaintiff states that he made a comment about Defendant Beasley following the incident and, as a result of the comment, Defendant Beasley placed him in lockdown for seventy-two hours without a disciplinary hearing. Although Plaintiff initially named other individuals as Defendants, the only remaining Defendant in this case is Defendant Beasley. (#9)

Defendant Beasley now has submitted a motion for partial summary judgment requesting that Plaintiff's claims for compensatory damages be dismissed. Plaintiff has not responded to Defendant Beasley's motion, and the time for doing so has expired. Based on the evidence in the record, Plaintiff's claims for compensatory damages are unsupported by any evidence in the record and must be dismissed.

However, based on Defendant Beasley's admissions, it appears that Plaintiff is entitled to summary judgment on his procedural due process claim.

**II.**     **Discussion:**

    A.     Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden

or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322.

Further, under the Rules, a court may grant summary judgment for a nonmovant after giving the parties notice and a reasonable time to respond. FED. R. CIV. P. 56(f)

B.   Undisputed Facts

1. Plaintiff was housed at the Crittenden County Detention Facility as a pretrial detainee.

2. Defendant Beasley placed Plaintiff in lock-down for seventy-two hours without any type of disciplinary hearing. (#45 at p.1-2)

3. Defendant Beasley acknowledges that the due process clause requires that pre-trial detainees be afforded some type of hearing before they are deprived of privileges or placed in "special confinement." (#44)

4. Plaintiff did not suffer any physical injury as a result of his placement in lock-down without a hearing.

C.   Applicable law

Plaintiff, as a pre-trial detainee, was entitled to some sort of disciplinary hearing prior to his placement in lock-down for seventy-two hours. See *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) ("[a] pretrial detainee cannot be placed in segregation as a

punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less").

There are three categories of monetary damages which a prevailing party may recover in cases filed under 42 U.S.C. § 1983: nominal, actual (compensatory), and punitive. Nominal damages are appropriate when it is not possible to place a monetary value on Plaintiff's damages. *Cowans v. Wyrick*, 862 F.2d 697 (8th Cir. 1988). Actual (compensatory) damages compensate a person for injuries caused by the deprivation of constitutional rights. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986). Punitive damages are awarded for the sole purpose of punishing a defendant and deterring future misconduct.

D.    Analysis

Plaintiff has failed to present any evidence that he suffered any physical injury as a result of any due process violation. For that reason, he is not entitled to compensatory damages. However, given the fact that he was placed in punitive segregation without any type of hearing, it appears that Defendant Beasley violated Plaintiff's due process rights.

Plaintiff did not seek punitive damages in either of his complaints; nor has he come forward with any evidence suggesting that Defendant Beasley was motivated by evil intent or that she acted with reckless indifference to Plaintiff's federally protected rights. For those reasons, it appears that Plaintiff is not entitled to punitive damages.

It appears that Plaintiff in this case is entitled summary judgment on his claim that Defendant Beasley violated his procedural due process rights. Under these circumstances, he would be entitled to nominal damages for the seventy-two hours he spent in punitive segregation without a hearing.

The parties are hereby notified that the Court is considering entry of summary judgment in favor of the Plaintiff on his claim that his procedural due process rights were violated. The parties will have fourteen days from the entry of this order to object to the Court's entering of summary judgment for Plaintiff and to show why the Plaintiff is not entitled to an award of nominal damages. See. FED. R. CIV. P. 56(f)

The Court apprehends no reason to justify an award of punitive damages. However, in their responses to this Order, the parties may address the issue of punitive damages and explain why the Plaintiff is or is not entitled to punitive damages in addition to nominal damages.[1]

---

[1] Because Plaintiff has failed to articulate an unconstitutional policy or custom of Crittenden County that caused him to suffer injury, Plaintiff may not recover damages against Defendant Beasley in her official capacity. See *Doe v. Washington County*, 150 F.3d 920, 923-24 (8th Cir. 1998) ("[a] suit against a county official in his official capacity is the equivalent of a suit against the county itself") and *Liebe v. Norton*, 157 F.3d 574, 578-79 (8th Cir. 1998) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989))( a municipality may be held liable for constitutional deprivations only if the deprivation is the result of a policy or custom of the municipality).

### III.     Conclusion:

Defendant Beasley's motion for partial summary judgment (#43) is GRANTED. Plaintiff's claims for compensatory damages against Defendant Beasley for violation of his constitutional rights are DISMISSED with prejudice.

The parties may respond to the Court's consideration of summary judgment for Plaintiff on his procedural due process claim within fourteen days of the entry of this Order.

The bench trial currently scheduled in this matter for January 18, 2011 is CANCELLED.

IT IS SO ORDERED this 6th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE